**SO ORDERED.**

**DONE and SIGNED March 27, 2015.**



_____
JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUSISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Patricia Ann Franklin | § | Case Number: 13-10200 |
| | § | |
| Debtor | § | Chapter 13 |

**MEMORANDUM OPINION REGARDING CONFIRMATION OF DEBTOR'S POST CONFIRMATION AMENDED PLAN**

On March 26, 2015, the Chapter 13 Trustee uploaded a form of order recommending and approving the Chapter 13 plan modification at docket #31, filed on March 20, 2015. That modification states as follows:

> Summary/Reasons for Modification: Debtor proposes this modification to cure trustee objection. Debtor proposes to correct payment method on page two to direct payment. As a result the dividend is $4,892.57.

Modification is based on the premise that, during the life of the plan, circumstances may change, and parties should have the ability to modify the plan accordingly. *Meza v. Truman* (*In re Meza*), 467 F.3d 874 (5th Cir. 2006); *See also Washington v. Countryman*, 390 B.R. 843 (E.D. Tex. 2007). The proponent of the plan modification bears the burden to prove the conditions for approval of the modified plan. *Max Recovery, Inc. v. Than (In re Than),* 215 B.R. 430 (B.A.P. 9th Cir. 1997); *In re Edwards,* 190 B.R. 91, 93–95 (Bankr. M.D. Tenn. 1995).

The modification filed by the debtor fails to state any reasons to modify the Chapter 13 plan. If circumstances have changed, then the motion should specifically so state. The statements offered by the debtor as a summary/reason for modification are insufficient to advise the Court of the reasons the Chapter 13 plan is being modified, and there are no allegations of any changed circumstances.

The Court, in an attempt to decipher the cryptic pleading of the debtor, and to determine the summary/reasons for the modification, reviewed the docket in this case. At docket #24, dated February 10, 2015, the prior modification offered the following:

> Summary/Reasons for Modification: Debtor proposes this modification in response to Order of Default. Debtor fell behind due to initial burial expenses of her mother. In order to facilitate these changes debtor proposes to reamortize the secured claim of Willis Knighton Federal Credit Union over 52 Months and increase plan payments to $535.00 a month beginning March 2015. Debtor proposes a total of $8,575.00 paid into the trustee for months 1 -24, then $1,465.00 for month 25, then $535.00 a month for months 26 - 60. As a result the dividend is $4,892.57.

Here, in a previous pleading which unfortunately is not before the Court, is the information that is missing and should be present in the modification recommended by the Chapter 13 Trustee. It is not, however, the Court's duty to hunt and peck the docket to determine why a modification is filed. The proposed modification should stand on its own without a time consuming and unnecessary "find a needle in a haystack" docket search by the Court.

The Court is frustrated with the ongoing pleading deficiencies and notes that this is not the first time these types of deficiencies have occurred with this law firm. Denial of the modification potentially does harm to the debtor, but these pleading deficiencies are repetitive and must be stopped. Therefore, the Court has entered an order granting the modification, but expressly finds that debtor's counsel is not entitled to an attorney fee for its preparation and prosecution of the modification. It also finds the quality of legal work on the modification is sufficiently lacking that an award of fees is inappropriate.

**IT IS SO ORDERED.**

###